IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EDITH A. HARRIS,<br><br>   Plaintiff,<br><br>vs.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>   Defendant. | 4:21-CV-3013 |
| JUDY COHEN,<br><br>   Plaintiff,<br><br>vs.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>Defendant. | 4:21-CV-3014 |
| CONSTANCE SUNDELL,<br><br>   Plaintiff,<br><br>vs.<br><br>NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>Defendant. | 8:21-CV-32 |

**MEMORANDUM AND ORDER**

  The defendant has moved to dismiss each of the above-captioned cases, and those motions are fully briefed. Before the Court now are motions filed by

each party to submit what they style as supplemental authority, although they don't even always agree on whether that aptly describes what they're actually asking for. *See* filing 47 at 1.[1] The Court will grant each parties' motions.

The plaintiffs' motions seek to provide the Court with case report information from the FDA's Adverse Event Reporting System. *See* filing 45-1. These are, according to the plaintiffs, records of reports referenced in ¶¶ 70-74 of their operative complaint. *See* filing 48 at 1 n.1 (citing filing 34 at 18-19). The defendant protests that "[a]dverse event reports are not 'authority.'" Filing 47 at 1. And, the defendant argues, the newly submitted reports don't help the plaintiffs state a claim for relief. Filing 47 at 1-2.

But the defendant doesn't argue that the plaintiffs' materials are of a type that couldn't appropriately have been attached to their complaint or submitted in support of their opposition to dismissal. *See* filing 47 at 1. And they do, in fact, seem to be embraced by the pleadings. *See Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1151 (8th Cir. 2012). So, it's not clear on what basis the defendant claims the Court shouldn't even be provided with that information. Instead, what *weight* the reports should be given is a matter that the Court will consider in association with the defendant's motions to dismiss. But the plaintiffs' motion for leave to submit the reports will be granted.

The defendant's motions are more typical: the defendant simply calls the Court's attention to a recent decision from the U.S. District Court for the Central District of California dismissing claims substantially similar to the plaintiffs' here. *See* filing 46 at 1-2 (citing *Rayes v. Novartis Pharms. Corp.*, No. 5:21-cv-201, 2021 WL 2410677 (C.D. Cal. June 11, 2021)). The plaintiffs'

---

[1] The motions filed in each case are substantively identical, so except where expressly noted, the Court will for the sake of convenience cite to the filings in case no. 4:21-cv-3013.

nonetheless object,² pointing out that *Rayes* is not binding precedent for this Court, was based on a different factual record, and is (in the plaintiffs' view) erroneously decided. *See* filing 49 at 1.

None of those, of course, are any reason for the defendant to be precluded from citing caselaw it believes relevant to the issues. The plaintiffs' arguments, taken at face value, would preclude anyone from citing caselaw, in any case, ever. The plaintiffs' arguments (like the defendant's before) are appropriate for the Court to consider in determining whether the California court's reasoning is persuasive, but they provide no basis to deny the defendant's motions. Both sides would have been better served by simply asking for leave to file sur-reply briefs, which is what they really seemed to want.³

IT IS ORDERED:

1. The plaintiffs' motions for leave to submit supplemental authority (case no. 4:21-cv-3013 filing 45, case no. 4:21-cv-3014 filing 44, case no. 8:21-cv-32 filing 43) are granted.

---

² The plaintiffs filed their response briefs as "objections" in CM/ECF, despite this Court's local rules clearly explaining that "[t]he party opposing a motion must not file an "answer," "opposition," "objection," or "response," or any similarly titled responsive filing. Rather, the party must file a brief that concisely states the reasons for opposing the motion and cites to supporting authority." NECivR 7.1(b)(1)(A). This case illustrates why: now the Court has to dispose of each of the defendants' motions twice instead of just once.

³ Not that the Court particularly encourages requests for sur-reply... but in this instance, when both sides appear to have asked in good faith to supplement their arguments with recently obtained information, sur-replies would have been appropriate.

2.  The defendant's motions for leave to submit supplemental authority (case no. 4:21-cv-3013 filing 46, case no. 4:21-cv-3014 filing 45, case no. 8:21-cv-32 filing 44) are granted.

3.  The parties' supplemental materials are deemed filed *instanter* and need not be refiled.

4.  The plaintiffs' objections (case no. 4:21-cv-3013 filing 49, case no. 4:21-cv-3014 filing 48, case no. 8:21-cv-32 filing 47) are overruled.

Dated this 28th day of June, 2021.

BY THE COURT:

John M. Gerrard
Chief United States District Judge